UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEREK L. BOYD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:20-cv-01256-TWP-TAB |
| | ) |
| DAVIN NICHOLS, DAVID LACY, | ) |
| ROBERT NUNEMACHER, | ) |
| JOE FARINOLLA, Sheriff Deputy, and | ) |
| JAY D. RICH, Tipton County Prosecutor, | ) |
| | ) |
| Defendants. | ) |

**ENTRY DENYING MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

This matter is before the Court on Defendant Jay D. Rich's Motion for Partial Judgment on the Pleadings, (Dkt. 70). For the reasons stated below, the Motion is **denied**.

## I. LEGAL STANDARD

After the pleadings are closed, but early enough not to delay trial, a defendant may move for judgment on the pleadings on the ground that a complaint fails to state a claim upon which relief can be granted. Federal Rule of Civil Procedure 12(c). A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Adams v. City of Indianapolis*, 742 F.3d 720, 727-28 (7th Cir. 2014). The complaint must state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has factual plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A reviewing court draws all reasonable inferences and facts in favor of the non-movant but need not accept as true any legal assertions. *Vesely v. Armslist LLC*, 762 F.3d 661, 664-65 (7th Cir. 2014).

Because the plaintiff in this case is proceeding without the assistance of counsel, his pleading is construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## II.  THE PLEADINGS

The Plaintiff, Derek L. Boyd ("Mr. Boyd"), a *pro se* litigant, initiated this action alleging several Tipton County Indiana defendants, including the Tipton County Chief Prosecutor, Jay D. Rich ("Mr. Rich"), violated his Fourth and Fourteenth Amendment rights. (Dkt. 1.) The Court screened Mr. Boyd's complaint on August 7, 2020, (Dkt. 13), and summarized his allegations as follows:

> In February 2017, Tipton Police Department (TPD) officers searched Mr. Boyd's home without a valid warrant. Officer Davin Nichols worked with Tipton County Deputy Prosecutor Jay Rich to obtain a warrant before the search. Ultimately, they carried out the search without obtaining judicial approval of a search warrant. TPD Officers Robert Nunemacher and David Lacy and Tipton County Sheriff's Deputy Joe Farinolla also participated in the search. Mr. Boyd was arrested based on evidence found during the search.
>
> Following the search, Officer Nichols wrote a police report falsely stating that he obtained a valid warrant before the search. Mr. Rich charged Mr. Boyd with a drug offense based on this report. TPD and several of its officers made social media posts about Mr. Boyd's arrest that included false allegations and damaged his reputation.
>
> Mr. Rich did not release any discovery materials to Mr. Boyd or his attorney until May 2018. In September 2019, Mr. Boyd moved to suppress evidence found during the search. The judge granted the motion on grounds that the search was not executed with a valid warrant. The government promptly dismissed the charges against Mr. Boyd. He was detained for 155 days between his arrest and the dismissal of his charges.

(Dkt. 13 at 2.) The Court identified three plausible claims against Mr. Rich: one each based on his alleged involvement in the search of Mr. Boyd's home, his arrest and detention, and withholding exculpatory evidence. (Dkt. 13 at 2–3.) Mr. Rich seeks judgment on the pleadings as to the third claim.

### III. ANALYSIS

Mr. Rich contends that he is entitled to judgment as a matter of law because "Plaintiff fails to plead facts necessary to establish a valid *Brady* claim." (Dkt. 71 at 4.) "[T]he suppression by the prosecution of evidence favorable to the accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady v. Maryland*, 373 F.3d 83, 87 (1963). "To prevail on a *Brady* claim for an officer's failure to disclose evidence, a plaintiff must show that (1) the evidence was favorable to him; (2) the officer concealed the evidence; and (3) the concealment prejudiced him." *Gill v. City of Milwaukee*, 850 F.3d 335, 343 (7th Cir. 2017) (citing *Cairel v. Alderden*, 821 F.3d 823, 832 (7th Cir. 2015)). "'Prejudice requires proof that the failure to disclose caused a deprivation of the accused's liberty.'" *Id.* (quoting *Cairel*, 821 F.3d at 832).

Mr. Rich argues that the complaint does not allege a plausible *Brady* claim because Mr. Boyd concedes that he received the exculpatory evidence before his prosecution reached a trial. In fact, Mr. Rich correctly recites the Seventh Circuit's observation from *Gill* that its "cases . . . have consistently held that *Brady* does not require the disclosure of favorable evidence prior to trial." *Gill*, 850 F.3d at 343.

Mr. Rich attempts to apply that remark from *Gill* too broadly. "*Brady* claims will be viable most often when a defendant has been wrongfully convicted and imprisoned . . . ." *Cairel*, 821 F.3d at 833. "Under other circumstances, such as where an accused is held in pretrial custody before acquittal or dismissal, a failure to disclose exculpatory evidence may cause the type of deprivation of liberty required for a *Brady* claim even if the case ends without a trial or conviction." *Id.* Similarly, a plaintiff pleads a plausible *Brady* claim by alleging that the defendant's delay in

3

disclosing exculpatory evidence altered his decision to go to trial.  *Mosley v. City of Chicago*, 614 F.3d 391, 397 (7th Cir. 2010).

Mr. Boyd alleges that he was detained pending trial while Mr. Rich knowingly withheld exculpatory evidence.  Under these circumstances, the fact that Mr. Rich disclosed the evidence before the matter reached trial does not entitle him to judgment on the pleadings.

Even so, Mr. Rich argues that the doctrine of qualified immunity entitles him to judgment on the pleadings.  "Qualified immunity involves a two-pronged inquiry: (1) whether the facts, read in favor of the non-moving party, amount to a constitutional violation; and (2) whether the constitutional right was clearly established at the time of the alleged violation."  *Rainsberger v. Benner*, 913 F.3d 640, 647 (7th Cir. 2019).  A right is clearly established for purposes of qualified immunity if "every reasonable official would interpret it to establish the particular rule the plaintiff seeks to apply."  *Dist. of Columbia v. Wesby*, 138 S. Ct. 577, 590 (2018).  Moreover, that rule must "clearly prohibit the officer's conduct in the particular circumstances before him."  *Id.*  "Put simply, qualified immunity protects 'all but the plainly incompetent or those who knowingly violate the law.'"  *Mullenix v. Luna*, 577 U.S. 7, 12 (2015) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).

Mr. Rich again seizes on *dicta* from *Gill* and other Seventh Circuit cases to cast the *Brady* landscape as murky for prosecutors in his shoes.  It is true that the Seventh Circuit has "expressed . . . doubt 'that an acquitted defendant can ever establish the requisite prejudice for a *Brady* violation.'"  *Saunders-El v. Rohde*, 778 F.3d 556, 561–62 (7th Cir. 2015) (quoting *Carvajal v. Dominguez*, 542 F.3d 561, 570 (7th Cir. 2008)).  Of course, Mr. Boyd was not acquitted, and *Saunders-El* never reached the prejudice issue.  *See id.* at 562 ("We need not address that issue today . . . .").

This inquiry need not be so complicated. *Brady* clearly established a due-process right to exculpatory evidence. "[W]here an accused is held in pretrial custody before acquittal or dismissal, a failure to disclose exculpatory evidence may cause the type of deprivation of liberty required for a *Brady* claim even if the case ends without a trial or conviction." *Cairel*, 821 F.3d at 833. Those are precisely Mr. Boyd's allegations: Mr. Rich procured a defective search warrant, charged Mr. Boyd based on evidence uncovered in the search, detained him while he awaited trial, and withheld the warrant from the defense. In view of *Brady* and its descendants, such conduct can reflect only incompetence or a knowing, bad faith violation of due process. *See Mullenix*, 577 U.S. at 12 (2015).

## IV.  CONCLUSION

For the reasons explained above, Mr. Rich's Motion for Partial Judgment on the Pleadings, (Dkt. [70]), is **DENIED**. The action **shall continue to proceed** with all claims identified in the Screening Order, (Dkt. 13.)

**SO ORDERED.**

Date:  5/7/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

DEREK L. BOYD, #273507
PLAINFIELD CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Thomas Joseph Flynn
INDIANA ATTORNEY GENERAL'S OFFICE
tom.flynn@atg.in.gov

Curtis Matthew Graham
FREEMAN MATHIS & GARY, LLP
cgraham@fmglaw.com

Zachary Robert Griffin
INDIANA ATTORNEY GENERAL'S OFFICE
zachary.griffin@atg.in.gov

Stephen C. Keller
SCHILLER BARNES & MALONEY, PLLC
skeller@sbmkylaw.com

Casey C. Stansbury
FREEMAN MATHIS & GARY, LLP
cstansbury@fmglaw.com