UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DEREK L. BOYD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-01256-TWP-TAB |
| | ) | |
| DAVIN NICHOLS, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY DENYING MOTION FOR LEAVE TO AMEND COMPLAINT**

In this civil rights action, Derek Boyd alleges that he was subjected to an unlawful search, arrest, and imprisonment between 2017 and 2019. The action is proceeding with claims against five defendants involved in his search, arrest, and prosecution.

Mr. Boyd seeks leave to amend his complaint so he may add new defendants and add claims against the existing defendants. Because Mr. Boyd is a prisoner, the Court must screen his proposed amended complaint. 28 U.S.C. § 1915(a). Because the new claims Mr. Boyd proposes fall short of the federal pleading standard, the Court denies his motion for leave to amend as futile.

**I. Screening Standard**

The Court must dismiss a complaint, or any portion of it, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether a complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when

> the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes Mr. Boyd's pro se pleadings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

## II. Background

When the Court screened Mr. Boyd's original complaint in August 2020, it summarized his factual allegations as follow:

> In February 2017, Tipton Police Department (TPD) officers searched Mr. Boyd's home without a valid warrant. Officer Davin Nichols worked with Tipton County Deputy Prosecutor Jay Rich to obtain a warrant before the search. Ultimately, they carried out the search without obtaining judicial approval of a search warrant. TPD Officers Robert Nunemacher and David Lacy and Tipton County Sheriff's Deputy Joe Farinolla also participated in the search. Mr. Boyd was arrested based on evidence found during the search.
>
> Following the search, Officer Nichols wrote a police report falsely stating that he obtained a valid warrant before the search. Mr. Rich charged Mr. Boyd with a drug offense based on this report. TPD and several of its officers made social media posts about Mr. Boyd's arrest that included false allegations and damaged his reputation.
>
> Mr. Rich did not release any discovery materials to Mr. Boyd or his attorney until May 2018. In September 2019, Mr. Boyd moved to suppress evidence found during the search. The judge granted the motion on grounds that the search was not executed with a valid warrant. The government promptly dismissed the charges against Mr. Boyd. He was detained for 155 days between his arrest and the dismissal of his charges.

Dkt. 13 at 2.

Based on those allegations, the Court recognized the following claims as plausible and permitted them to proceed under 42 U.S.C. § 1983:

- Fourth Amendment claims against Defendants Nichols, Rich, Lacy, Nunemacher, and Farinolla based on the search;

- Fourth and Fourteenth Amendment claims against Defendants Nichols and Rich based on Mr. Boyd's arrest and detention; and

- a Fourteenth Amendment claim against Defendants Nichols and Rich for withholding exculpatory evidence.

*Id.* at 2–3.

### III. The Proposed Amended Complaint

The proposed amended complaint, dkt. 124-1, asserts the same factual allegations discussed above. Mr. Boyd adds allegations in his proposed amended complaint in an effort to add claims against the original defendants and introduce claims against six new defendants: Tipton Police Department, Tipton County Sheriff's Office, Sheriff Tony Frawley, Tipton County Prosecutor's Office, Tipton Circuit Court, and Judge Thomas Lett.

Mr. Boyd does not offer any factual allegations describing actions by Sheriff Frawley. He does not offer any factual allegations potentially implicating policies or practices of the municipal defendants (the Police Department, the Sheriff's Office, the Prosecutor's Office, or the Circuit Court) except the following:

> On 5-7-18, Jay D. Rich sends a very limited discovery after Tipton law enforcement conducted 2 other illegal searches in Madison case 48C03-1709-F4-2348, and 49G25-1805-F5-15808 in Marion County, in what's perceived as a smear campaign and a campaign of harassment by Tipton Police Department's, Tipton Prosecutor's Office and Tipton Sheriff's Department. Their department's conspired and carried out illegal activity not within scope of their employment that violated the U.S. Constitution. This lasted from 2-14-17 to 3-3-2019. *See* Dkt. 84 in it's entirety. The practice and policies from these involved department's on 2-14-17 violated the constitution. Their Departments and/or Offices are being held accountable. They all conspired and carried out an illegal search intentionally.

Dkt. 124-1 at 8 (errors in original). And:

> The Law enforcement failed to train it's employee's proper practice and policies protected by Constitution.

*Id.* at 18 (error in original).

Mr. Boyd alleges that Judge Lett presided over his prosecution but never should have done so due to previous interactions with him and with the prosecutor. He alleges that Judge Lett

previously served as an elected prosecutor and prosecuted him for a juvenile offense in the 1990s. *Id.* at 10–11. Mr. Boyd alleges that Judge Lett's inability to remain impartial reared its head when he did not review evidentiary motions Mr. Boyd filed (but that were never docketed) in May 2019 and when he permitted the prosecution to dismiss the case against him in later in 2019 rather than granting his motion to suppress evidence and "ruling it an illegal search." *Id.* at 12, 16–17.

 Finally, Mr. Boyd alleges that, while awaiting trial, inmates and staff at the Tipton County Jail sexually harassed him. On May 21, 2018, Mr. Boyd says he feared serious bodily injury or sexual assault and struck his harasser. Defendant Rich filed criminal charges based on that incident on June 7, 2018. Ultimately, those charges were dismissed at the same time as the drug charges stemming from the search of Mr. Boyd's residence. However, he says the "delay" in bringing the battery charge delayed his release from jail and resulted in a forced sale of his home and property *Id.* at 16.

### IV. Analysis

Courts "should freely give leave" to amend pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, the Court need not grant leave to amend if "'it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted.'" *O'Boyle v. Real Time Resolutions*, 910 F.3d 338, 347 (7th Cir. 2018) (quoting *Barry Aviation v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004)). "An amendment is futile if the amended complaint would not survive a motion for summary judgment." *King ex rel. King v. E. St. Louis Sch. Dist. 189*, 496 F.3d 812, 819 (7th Cir. 2007).

The claims Mr. Boyd wishes to add by amending his complaint would not survive a motion for summary judgment. Indeed, they do not survive the required § 1915A screening. Accordingly, his proposed amendment is futile and must be dismissed.

The Court made clear to Mr. Boyd at screening that municipal entities—four of which he seeks to add through his amendment—"cannot be held liable for damages under 42 U.S.C. § 1983 on a theory of *respondeat superior* for constitutional violations committed by their employees." *Simpson v. Brown Cty.*, 860 F.3d 1001, 1005–1006 (7th Cir. 2017). Rather, they may only "be held liable for unconstitutional municipal policies or customs." *Id.* at 1006 (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690–91 (1978).

The allegations noted above do not support reasonable inferences that any of the municipal defendants maintained policies or practices that caused the unlawful search, arrest, prosecution, or detention he alleges. Mr. Boyd's assertions that the municipal defendants had unconstitutional policies and practices and failed to train their employees are not, without more, "factual content that allows the court to draw a reasonable inference that [they are] liable for the alleged misconduct. *Burger v. County of Macon*, 942 F.3d 372, 374 (7th Cir. 2019) (citing *Iqbal*, 556 U.S. at 678). They are "legal conclusions" that the Court need not accept as true and that do not state plausible claims on their own. *Id.* Mr. Boyd alleges factual content supporting an inference that employees of the municipal defendants violated his rights. He has not alleged factual content identifying any municipal policy or practice, much less raising an inference that the individual defendants violated his rights because they were acting pursuant to a municipal policy or practice.

Claims against Judge Lett are barred by the doctrine of judicial immunity. Judges are entitled to absolute immunity when, as here, the challenged actions are "judicial in nature." *Brunson v. Murray*, 843 F.3d 698, 710 (7th Cir. 2016); *see Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."). A criminal defendant may not be tried if he does not understand the nature of the proceedings against him or cannot consult with counsel to assist in his defense. *Drope v. Missouri*, 420 U.S. 162, 171

(1975). Mr. Boyd argues that Judge Lett should not be protected by judicial immunity because he did not act as an impartial judicial officer and his misconduct therefore was "not within [the] scope of a judge's employment." Dkt. 124-1 at 12. But judicial immunity "applies even when the judge is accused of acting maliciously and corruptly." *Pierson v. Ray*, 386 F.3d 547, 554 (1967), *overruled in part on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800, 818–19 (1982) (qualified immunity).

Mr. Boyd alleges no factual content regarding Sheriff Frawley. "Liability under § 1983 is direct rather than vicarious." *Horshaw v. Casper*, 910 F.3d 1027, 1030 (7th Cir. 2018). There is a "well-established principle of law that a defendant must have been 'personally responsible' for the deprivation of the right at the root of a § 1983 claim for that claim to succeed." *Backes v. Village of Peoria Heights, Ill.*, 662 F.3d 866, 869 (7th Cir. 2011). The proposed amended complaint does not support an inference that Sheriff Frawley was personally involved in or responsible for any violation of Mr. Boyd's rights.

Finally, to the extent Mr. Boyd asserts new claims based on being charged for attacking another inmate, he has not stated a plausible claim for relief. A malicious prosecution claim would proceed under Indiana law, and Mr. Boyd would be required to prove as an element of his claim that the prosecution was initiated "without probable cause." *Katz-Crank v. Haskett* 843 F.3d 641, 649 (7th Cir. 2016). Mr. Boyd admits that he struck the inmate and that the inmate needed medical attention. Dkt. 124-1 at 14. Accordingly, his allegations do not support an inference that he was prosecuted without probable cause.

This determination is not affected by Mr. Boyd's allegations that he struck the inmate "[i]n fear of serious bodily injury/sexual assault" and "in defense of justifiable reasonable force." Dkt. 124-1 at 14. *Compare McQueen v. City of Indianapolis*, 412 N.E.2d 138, 140–41 (Ind. Ct. App.

1980) (Court "need not consider self defense claim in its determination for probable cause" where plaintiff admitted to drawing gun and pointing it.), *to Chalfant v. Lods*, 994 N.E.2d 740, 744–45 (Ind. Ct. App. 2013) (Plaintiff raised material factual dispute regarding probable cause by attesting that he "did not commit any crimes but rather passively defended himself" and accuser "made false statements to the police and omissions of material fact.").

Mr. Boyd alleges that the defendants "delayed" filing charges after he struck the inmate "to prevent a fast and speedy trial." *See* dkt. 124-1 at 16. The rationale for this allegation is unclear, as Mr. Boyd alleges that he was charged within three weeks of the incident. Nevertheless, "whether a defendant's [Sixth Amendment] right to a speedy trial has been violated depends on four factors: (1) the length of the delay, (2) the reasons for the delay, (3) whether the defendant asserted his right to a speedy trial, and (4) any prejudice the defendant suffered by the delay." *Hart v. Mannina*, 789 F.3d 578, 596 (7th Cir. 2015). The fourth factor—"[a]ctual prejudice to the defense"—"is the 'most serious concern raised by a delay.'" *United States v. Oriedo*, 498 F.3d 593, 600 (7th Cir. 2007) (quoting *Doggett v. United States*, 505 U.S. 647, 651–52 (1992)).

Mr. Boyd concedes that his battery charge was dismissed at the same time as the charges stemming from the illegal search of his home. *See* dkt. 124-1 at 14. Had his battery charge been tried more promptly, the proposed amended complaint suggests he still would have been awaiting resolution of the original charge. Accordingly, Mr. Boyd's allegations do not support an inference that any delay in trying or dismissing his battery charge actually prejudiced him, and any speedy trial claim fails.

## V. Conclusion

Mr. Boyd's motion for leave to amend his complaint, dkt. [124], is **denied** because the amendments he proposes are futile. The action will continue to proceed with the original

complaint, dkt. 1, as the operative pleading and with the claims and defendants recognized in the screening order, dkt. 13.

**IT IS SO ORDERED.**

Date: 10/19/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

DEREK L. BOYD
273507
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Thomas Joseph Flynn
INDIANA ATTORNEY GENERAL
tom.flynn@atg.in.gov

Curtis Matthew Graham
FREEMAN MATHIS & GARY, LLP
cgraham@fmglaw.com

Zachary Robert Griffin
INDIANA ATTORNEY GENERAL
zachary.griffin@atg.in.gov

Stephen C. Keller
SCHILLER BARNES & MALONEY, PLLC
skeller@sbmkylaw.com

Gregory S. Loyd
INDIANA ATTORNEY GENERAL
gregory.loyd@atg.in.gov

Casey C. Stansbury
FREEMAN MATHIS & GARY, LLP
cstansbury@fmglaw.com