UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DEREK L. BOYD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-01256-TWP-TAB |
| | ) | |
| DAVIN NICHOLS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING MOTIONS TO STRIKE AND ISSUING
SANCTIONS AND LIMITED FILING BAN**

This matter is before the Court on Derek Boyd's motions to strike his filing of August 3, 2022. (Dkts. 341, 342). In this order, the Court addresses Mr. Boyd's Motions as well as his pattern of excessive filings.

**I. Motions to Strike**

On June 21, 2022 the Court entered an order the granting the Defendants' Motions for Summary Judgment, Dkts. [248], [252], and [260], and denying Mr. Boyd's Motion for Summary Judgment, Dkt. [196], and his Motions for Sanctions, Dkts. [183] and [285]. (Dkt. 293) That same day, final judgment (Dkt. 294) in which the Court dismissed this case with prejudice. Mr. Boyd timely filed a notice of appeal (Dkt. 296) and his appeal is pending in the Seventh Circuit Court of Appeals.

August 3, 2022, Derek Boyd filed a document in this case titled: "Notice to Court Supplemental 6 Month Trust Print-Out Notarized." Dkt. 338. The filing concludes: "Please GRANT the attached motion and supplement the Trust Accounting." *Id.* Given this statement,

Clerk's Office staff properly docketed Mr. Boyd's filing as a motion for leave to proceed on appeal without prepaying the appellate fees. The Court denied Mr. Boyd's motion on August 9. Dkt. 340.

On August 9, Mr. Boyd filed a motion to strike the August 3 filing. Dkt. 341. In his motion, Mr. Boyd states that the August 3 filing regarding the appellate fees "was a Notice not requiring Court Action." *Id.* A few days later, on August 11, Mr. Boyd filed a *second* motion to strike the August 3 filing. Dkt. 342. In this motion, Mr. Boyd refers to the Court staff's docketing of his submission as a motion as "fraudul[e]nt" and "sabotage." Dkt. 342.

Mr. Boyd's motions to strike, dkts. [341] and [342], are **denied**. The Court has already denied the request in the August 3 filing, and its continued presence on the docket has no consequence.

## II. Excessive and Abusive Filings

Mr. Boyd has filed 24 civil cases in this Court since April 2020. They include four habeas corpus petitions and twenty prisoner civil rights cases. Eight are currently pending. In June 2022, Mr. Boyd "struck out" by bringing a third civil case dismissed as frivolous, malicious, or failing to state a claim. *See Boyd v. Carter, et al.*, no. 1:22-cv-00694-JPH-MPB, dkt. 18 (S.D. Ind. June 24, 2022)[1].

In this case, Mr. Boyd has made nearly 40 post-judgment filings in less than two months. Most have been unnecessary or cumulative. *See, e.g.*, dkts. 316, 317 (copies of e-filing consent

---

[1] Judge Hanlon determined "[t]he dismissal of this action pursuant to § 1915A(b)(1) may be considered a "strike" for purposes of § 1915(g). The Court is aware of at least two other dismissals that may also be counted as strikes against Mr. Boyd. See *Boyd v. Johnson*, no. 1:21-03081-JRS-TAB, dkt. 25 (S.D. Ind. Case 1:22-cv-00694-JPH-MPB Document 18 Filed 06/24/22 (dismissing action for failure to state a claim); *Boyd v. Dugger*, no. 1:21-3083, dkt. 16 (S.D. Ind. Mar. 11, 2022) (dismissing action as frivolous). A prisoner who has accrued three strikes may proceed in forma pauperis only if he is under imminent danger of serious physical injury; otherwise, he must prepay the full filing fee. 28 U.S.C. § 1915(g). If Mr. Boyd seeks leave to proceed in forma pauperis in future cases and does not "disclose to the court the fact that" he has had three cases dismissed that could be counted as strikes, he will "risk dismissal of [his] case as a sanction for misconduct." *Isby v. Brown*, 856 F.3d 508, 519 (7th Cir. 2017)." *See Boyd v. Carter, et al.*, no. 1:22-cv-00694-JPH-MPB, dkt. 18 (S.D. Ind. June 24, 2022)

form); dkt. 318 (notice of *in forma pauperis* motions); dkt. 328 (97 pages of documents sent to Court of Appeals); dkt. 339 (notice of intent to present evidence in Court of Appeals). In addition to consuming the Court's resources and diverting them from other cases—including Mr. Boyd's many pending actions—these filings cause confusion, as illustrated by the filings discussed in Part I.

In one of his other cases, this Court warned Mr. Boyd to stop "filing multiple motions on the same issue at the same time, filing a second motion on an issue before the first is resolved, and filing repeated motions on issues the Court has already decided." *Boyd v. Reaves, et al.*, no. 1:20-cv-01844-TWP-TAB, dkt. 162 at *4 (S.D. Ind. Jan. 24, 2022). The Court made clear that he must "be mindful of this warning in every case he has pending in this Court." Dkt. 270 at 2. The Court warned Mr. Boyd that, if he continued to abuse the docket with cumulative, repetitive filings, he would be subject to sanctions, including filing restrictions. *Id.*

"A district court has inherent power to sanction a party who 'has willfully abused the judicial process or otherwise conducted litigation in bad faith.'" *Secrease v. W. & S. Life Ins.*, 800 F.3d 397, 401 (7th Cir. 2015) (quoting *Salmeron v. Enterprise Recovery Systems*, 579 F.3d 787, 793 (7th Cir. 2009)). Such sanctions can include the imposition of a filing bar to restrict a plaintiff's ability to file new lawsuits. *See Support Sys. Int'l v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995) (filing bar imposed on pro se party who continued to file false evidence and did not respond to monetary sanctions). A filing bar, however, must be tailored to the misconduct. *Henry v. United States*, 360 F. App'x 654, 656 (7th Cir. 2010).

Mr. Boyd has made a filing restriction appropriate by continuing to file unnecessary papers and repetitive motions in violation of specific orders by the Court. Regrettably, as detailed below,

Mr. Boyd is prohibited from filing papers in this closed action --Case No. 1:20-cv-01256-TWP-TAB--until and unless it is remanded by the Court of Appeals.

Mr. Boyd's restriction is currently limited to this closed case which is presently on appeal. Nothing in this order prohibits him from filing papers with the Seventh Circuit. The Court reiterates, however, that the admonition against repetitive and abusive filings applies to every case and every paper Mr. Boyd files in this Court. If he continues to violate the Court's orders, he may be subject to broader restrictions in other cases, including limitations on his abilities to file new cases or file papers in existing cases.

The court does not intend to interfere with Mr. Boyd' access to justice, and he remains welcome to litigate his cases zealously. The Court does not expect Mr. Boyd to do so with the skill or grace of an attorney; he is expected, however, to submit filings that respect the law, his fellow litigants, the Court's staff, and the rules and orders of this Court.

### III. Conclusion

Mr. Boyd's motions to strike, dkts. [341] and [342], are **denied.**

Mr. Boyd is **prohibited** from filing papers in this closed action until and unless it is remanded by the Court of Appeals. Accordingly, the **clerk is directed** to return unfiled any document labeled with this case's title, number, or caption. Any motions pending at the time this order is issued are summarily **denied**.

**IT IS SO ORDERED.**

Date: 8/17/2022

_____
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

DEREK L. BOYD
273507
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Alexander Robert Carlisle
OFFICE OF THE ATTORNEY GENERAL
Alexander.Carlisle@atg.in.gov

Curtis Matthew Graham
FREEMAN MATHIS & GARY, LLP
cgraham@fmglaw.com

Stephen C. Keller
SCHILLER BARNES & MALONEY, PLLC
skeller@sbmkylaw.com

Casey C. Stansbury
Freeman Mathis & Gary, LLP
cstansbury@fmglaw.com